Jessie L. THOMASON, Appellant,

v.

The GREAT ATLANTIC AND PACIFIC TEA COMPANY, Inc., Appellee.

No. 13112.

United States Court of Appeals
Fourth Circuit.

Argued May 9, 1969.

Decided July 14, 1969.

Louis B. Fine, Norfolk, Va. (Fine, Fine, Legum & Fine, Norfolk, Va., on the brief), for appellant.

William T. Prince, Norfolk, Va. (Williams, Worrell, Kelly & Worthington, Norfolk, Va., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Damages for personal hurt in her fall on September 21, 1967 while a customer in a Norfolk, Virginia store of The Great Atlantic and Pacific Tea Company, Inc., were claimed of the company by Jessie L. Thomason, complaining in warranty and in negligence. Summary judgment went for defendant, and plaintiff appeals.

The point of the controversy is whether the law of Virginia—governing here—affords recovery to a prospective purchaser slipping on produce which had dropped to the floor in a self-service store, when the storekeeper is without actual or imputed knowledge of its menacing presence. The District Court found the plaintiff would be unable to establish notice of this kind. Further, it rejected the plaintiff's alternative assertion of defendant's negligence in displaying its produce, regardless of notice. The Court denied both bases of claim because it read the Virginia decisions as giving no cause of action without such prior awareness. Here was error.

Indisputably, under Virginia precedents direct or constructive notice is a prerequisite to recovery for fault consisting of the presence of the causative object on the floor. E.g., Miracle Mart, Inc. v. Webb, 205 Va. 449, 137 S.E.2d 887 (1964); Colonial Stores, Inc. v. Pulley, 203 Va. 535, 125 S.E.2d 188 (1962); Safeway Stores, Inc. v. Tolson, 203 Va. 13, 121 S.E.2d 751 (1961). Looking further, however, we do not find that the Supreme Court of Appeals of Virginia has foreclosed an action where culpability for the mishap lies in the method of dispensing the merchant's wares.

If it is reasonably foreseeable that a dangerous condition is created by, or may arise from, the means used to exhibit commodities for sale, and a patron is harmed as a consequence, we think the Virginia law demands reimbursement of the victim. Truth is, this thesis does not deviate from the concept of liability dependent upon notice. In the method-theory the storeowner is definitely informed of the threat of peril, for he instituted or adopted the manner of offering or delivering the merchandise. Justice and justification for this gravamen of suit are seen in the saving of the sufferer from the illogical exaction that he specify when, if otherwise fairly chargeable to the vendor, the particular lettuce leaf, or grape as here, or other blamable article, reached the place of the fall.

On this postulate, circumstances disclosed in the motion papers framed a triable tort issue for judge or jury. Defendant, a grocer, no longer waits on its buyer but puts the vegetables, fruits and other staples before him to select and take with him what he wishes. As an

invitee, he is to be assured a reasonably safe place to pursue the invitation. This obligation plainly requires the shopkeeper to use requisite care in maintaining its scheme of merchandizing, to see that the shopper is not subjected to undue risks.

Default in that requirement is now charged to the company. The allegation is that grapes were made accessible to the custom in loose bunches—at least not packaged—and when fingered by the trade, children especially, could and did drop to the floor to cause slick spots in the corridor surface along the counter. Specifically, the failure to bag the grapes in netting is named as one of the dealer's neglects. A consequence, pleads the appellant, was that she stepped upon a grape and tumbled.

Without intimating a judgment on the outcome, our opinion is that, subject to all appropriate defenses, in taxing the company with dereliction in vending its grapes, appellant made a case for trial.

Reversed and remanded.