## WINN-DIXIE STORES, INC.

### V.

## NANCY JOYNER PARKER

Record No. 891579

September 21, 1990

Present: All the Justices

George J. Dancigers (Michelle ReDavid Rack; M. Grey Swee-ney; Heilig, McKenry, Fraim & Lollar, on brief), for appellant.
John W. Drescher (Karen M. Rye; Thomas L. Woodward; Breit, Dreischer & Breit, on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

In this slip-and-fall case, a jury awarded the plaintiff, Nancy Joyner Parker, a verdict for $135,000 against the defendant, Winn-Dixie Stores, Inc. The trial court entered judgment on the verdict, and we granted this appeal limited to the question whether Parker established a prima facie case of negligence against Winn-Dixie.

Parker entered Winn-Dixie's store in the City of Suffolk about 5:15 p.m. on June 4, 1985, to make some purchases. After selecting several items in other parts of the store, she proceeded to the produce section, where she picked up an eggplant and placed it on a scale. Moving to her right approximately four steps to check the price of the eggplant, she slipped and fell to the floor.[1] While waiting for the rescue squad to arrive, she saw a snap bean under her left foot. Referring to the bean, she said: "That was the damn thing I fell on—slipped on."[2] She did not see the bean before she fell.

---

[1] Parker suffered a fractured wrist and an injured back in the fall.

[2] Parker testified that after she fell, she felt dampness on the floor. On appeal, Parker points to this testimony and states that "the jury was certainly free to conclude there was water on the floor at the time of the accident" and to find that the bean, the dampness, or a combination of the two caused her fall. But, as noted in the text, Parker said immediately after the accident that the bean was "the damn thing [she] fell on," and she reiterated this statement in her testimony at trial. The statement was unequivocal, and Parker never indicated in any way that dampness played any part in the mishap.

Parker called as an adverse witness Raymond B. Hall, an employee of Winn-Dixie on duty in the produce and frozen food sections at the time of Parker's accident. He testified that shortly before Parker fell, he swept the floor in his sections, using a dry mop approximately two and one-half to three feet wide. He mopped the produce aisle from the rear of the store to the front, circled through the frozen food section, and then mopped from the front to the rear of the store, again passing through the produce section. He saw nothing "on the floor like a green bean."

When he finished mopping, Hall took his mop to the produce storeroom, then returned to the store, and saw that Parker had fallen in the produce section. He observed a piece of snap bean near Parker's foot at the end of a smudge mark. Two minutes or less elapsed between the time Hall mopped past the spot where Parker fell and the time he returned to the main part of the store.

Snap beans were displayed loose in a sloping bin some distance from the spot where Parker fell. In response to a question from Parker's counsel, Hall stated that he and others working in the produce section were "concerned" about whether items displayed in a loose condition might "get on the floor" after handling by customers.

■ The rules applicable to slip-and-fall cases are well settled. In *Colonial Stores* v. *Pulley*, 203 Va. 535, 125 S.E.2d 188 (1962), we said:

> The [store owner] owed the [customer] the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to her, but was, or should have been, known to the [store owner].

*Id.* at 537, 125 S.E.2d at 190 (citations omitted). *See also Fobbs* v. *Webb Building Ltd. Partnership*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986) (rules applicable to slip-and-fall cases restated). ■ Parker maintains that *Memco Stores, Inc.* v. *Yeatman*, 232 Va. 50, 348 S.E.2d 228 (1986), controls the disposition of this case. In *Yeatman*, the plaintiff fell when she slipped on the leaf of

a peperomia plant on display in the defendant's store. Several leaves from the plant were found on the floor in the area where the fall occurred. Expert evidence showed that a number of factors, including changes in location, can cause peperomia plants to shed their leaves. The defendant contended that it could be held liable only if it had actual notice of the leaf's presence on the floor in sufficient time to remove it. Affirming a verdict in favor of the plaintiff, we said:

> [The plaintiff] was not required to prove that the defendant had *actual* notice of a hazardous object on its floor in time to remove it. It was sufficient to prove *constructive* notice. If an ordinarily prudent person, given the facts and circumstances Memco knew or should have known, could have foreseen the risk of danger resulting from such circumstances, Memco had a duty to exercise reasonable care to avoid the genesis of the danger.

*Id.* at 55, 348 S.E.2d at 231 (emphasis in original).

Here, Parker argues that Hall's testimony about the concern of store employees for loose items "shows constructive notice on the part of Winn-Dixie . . . that various items of food, for whatever reason, end up on the floors of grocery stores." Citing *Thomason v. Great Atlantic and Pacific Tea Company*, 413 F.2d 51 (4th Cir. 1969), Parker maintains that it would be unreasonable to require an injured customer to establish "precisely how items of food [get] onto [a] store's floor."[3] In this case, Parker says, the fact remains that, "[f]or whatever reason," the bean "did end up on Winn-Dixie's floor," creating "a dangerous and hazardous condition" which Winn-Dixie knew or should have known about, thus placing upon Winn-Dixie the duty to remove the dangerous object.

Parker opines that it was a jury question whether Winn-Dixie breached its duty to remove the snap bean. She concludes that the question was correctly decided in her favor because the jury

---

[3] In *Thomason*, the Fourth Circuit held that a customer may maintain an action for damages in a slip-and-fall case "when the storekeeper is without actual or imputed knowledge of [the] menacing presence [of a foreign object]," 413 F.2d at 52, if "it is reasonably foreseeable that a dangerous condition is created by, or may arise from, the means used to exhibit commodities for sale." *Id.* We do not adopt "the method-theory," *id.*, embraced by the *Thomason* court.

"could reasonably infer [Hall] was negligent in dry-mopping the floor, since it was obvious he missed the snap bean."

■ We think *Yeatman* is distinguishable on its facts, and we disagree with Parker's arguments. Nothing in the record even suggests that anyone connected with Winn-Dixie placed the bean on the floor, and it is not "obvious" from any evidence in the case that Hall missed the bean when he mopped through the produce section. Nor could the jury have inferred that Hall must have missed the bean simply because it was present on the floor when Parker fell. To countenance such an inference would ignore the likelihood that the bean found its way to the spot where Parker fell as the result of some action taken by another customer after Hall finished mopping the produce section.

■ Because Parker failed to establish that Winn-Dixie placed the bean on the floor or that Hall missed it during his mopping, it became Parker's burden to prove that Winn-Dixie had either actual or constructive notice of the bean's presence and failed to remove it. With the substitution of the names of the parties and the identity of the offending foreign object, we can dispose of this aspect of the case by repeating what we said in *Pulley* on the question of actual or constructive notice:

> There is no evidence in this case that [Winn-Dixie] knew of the presence of the [bean] on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed on the floor an instant before [Parker] struck it as it is to infer that it had been there long enough that [Winn-Dixie] should, in the exercise of reasonable care, have known about it.

203 Va. at 537-38, 125 S.E.2d at 190.

■ We hold that Parker failed to make out a prima facie case of negligence against Winn-Dixie. The trial court erred, therefore, in submitting the case to the jury. For this error, the judgment appealed from will be reversed, the jury verdict set aside, and final judgment entered here in favor of Winn-Dixie.

*Reversed and final judgment.*