**Hortense KELLAM, Plaintiff,**

v.

**WAL–MART STORES, INC. Defendant.**

**Civ. A. No. 2:93cv704.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 16, 1994.

---

Charles V. Bashara, Bashara & Hubbard, Norfolk, VA, for plaintiff.

James C. Lewis, Croshaw, Beale, Hauser & Lewis, P.C., Virginia Beach, VA, for defendant.

### MEMORANDUM OPINION

JACKSON, District Judge.

#### I. *Introduction*

This is a negligence action brought by Ms. Hortense Kellam ("Kellam") against Wal–Mart Stores, Incorporated ("Wal–Mart"). Plaintiff Kellam alleges that she sustained serious injuries as a result of a fall which occurred on September 4, 1992 at the Wal–Mart store on Military Highway in the City of Norfolk, Virginia. Plaintiff further alleges that the fall was caused by the Defendant's negligence, and she seeks $75,000 in damages for past and future pain and suffering, past and future medical expenses, and lost wages.

This case was tried before the Court, sitting without a jury, on January 13, 1994. Having fully considered the testimony of all witnesses, the evidence admitted at trial and the applicable law, this Court finds that Plaintiff has failed to meet her burden of proving the Defendant was negligent. Therefore, for the reasons set forth in the following Findings of Fact and Conclusions of Law, this Court enters final judgement in favor of the Defendant.

#### II. *Findings of Fact*

Kellam and her niece arrived at the Wal–Mart store at Military Highway in Norfolk, Virginia at approximately 4:45 P.M. on September 4, 1992. They parked about 25 feet away from the entrance and walked over to it. It was raining at the time. Plaintiff was wearing a raincoat over her clothes and rubber soled sandals on her feet. Plaintiff testified that since she did not carry an umbrella, she got a little bit of water on her coat while walking to the entrance.

The Wal–Mart, like many similar stores, has an outside set of doors, a foyer, and an inside set of doors. As the Plaintiff proceeded through the inside set of doors, a greeter passing out coupons said something to the effect of "watch your step." At this point, about three steps inside the door, Kellam slipped and fell. There were no mats of any kind in the entranceway. About 20 people were in the immediate vicinity of Kellam at the time of the fall.

While on the floor, Plaintiff looked behind her and saw a small puddle of water which she described as "a little like a splatter." She also looked off to the side of the entranceway and saw a "wet floor" sign. Both Plaintiff and her niece, who was walking just behind her, testified that they saw neither the sign nor any water on the floor before Kellam fell. Although Plaintiff did not see anyone place the sign, she testified that she

assumed it was placed after the accident because she did not see it before she fell. Plaintiff also testified that she could not say for certain whether she stepped in the small puddle she saw behind her, but maintained that she fell as a result of slipping on moisture in the entranceway. A doctor who subsequently treated her for the injuries she allegedly sustained in the fall, however, testified that she had stated she slipped on a broken tile at the Wal–Mart. Additionally, Plaintiff stated that she did not know how the small puddle had gotten on the floor or how long it had been there.

### III.  *Conclusions of Law*

In slip and fall cases in Virginia, a store is "required to have the premises in a reasonably safe condition for [the customer's] visit; to remove, within a reasonable time, foreign objects from its floors which it ... knew, or should have known, that other persons had placed there; to warn the customer of the unsafe condition if it was unknown to her, but was, or should have been, known to the [store owner]." *Winn–Dixie Stores v. Parker,* 240 Va. 180, 182, 396 S.E.2d 649 (1990), quoting *Colonial Stores v. Pulley,* 203 Va. 535, 125 S.E.2d 188 (1962). A storekeeper is not exempt from liability merely by virtue of the fact that it did not cause moisture to be on the floor during inclement weather. The Virginia Supreme Court has stated that "the liability of a storekeeper ... does not turn on whether the water on or dampness of the floor was tracked in by other customers. It turns on whether, under the circumstances, the storekeeper has exercised ordinary care to prevent a hazardous condition on his premises, or if there was such condition, whether he exercised ordinary care to correct it after he knew, or by the exercise of ordinary care should have known, of its existence." *Shiflett v. Timberlake,* 205 Va. 406, 410, 137 S.E.2d 908 (1964).

Thus, the Plaintiff must demonstrate that the store had either actual or constructive notice of the existence of a hazard. *Winn–Dixie Stores,* 240 Va. at 184, 396 S.E.2d 649. This is a burden Kellam clearly has not met. Plaintiff points to the greeter and the sign as evidence of actual or constructive notice. She alleges that the greeter knew, or in the exercise of reasonable care, should have known about the existence of water on the floor. Plaintiff, however, presented no evidence to suggest that water was visible on the floor as she entered. In fact, both the Plaintiff and her niece testified that they did not see any water as they entered the store. The fact that the greeter was telling patrons to watch their step also does not demonstrate that he knew the floor was wet. The Court would assume that it is part of a greeter's job to urge customers to be careful no matter what the conditions may have been.

Additionally, Plaintiff herself testified that she assumed the sign was placed after she fell. Therefore, one can just as likely conclude from the existence of the sign that the store was warning its patrons about water that came from Plaintiff's clothes as a result of her fall as water that may have caused Kellam's fall. In the end, this is the key fact upon which Kellam's claim must fail, irrespective of when the sign was actually placed. Having been provided with no evidence that water was even on the floor before Plaintiff's fall, this Court cannot conclude that Plaintiff has met her burden of demonstrating that the store was negligent. This is especially so in light of the fact that Kellam told her doctor that it was a broken tile which caused her fall. For this reason, the Court enters judgement for the Defendant.

The Clerk is DIRECTED to send a copy of this order to counsel for the Plaintiff and the Defendant.

IT IS SO ORDERED.