46 F.3d 1126
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John H. POWELL, Plaintiff-Appellant,
v.
HARDEE'S FOOD SYSTEMS, INCORPORATED, Defendant-Appellee.
 No. 94-1291.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1994.
Decided Feb. 10, 1995.
 
 ARGUED: James H. Falk, Jr., THE FALK LAW FIRM, Washington, D.C., for Appellant. John A. Sutherland, Jr., SICILIANO, ELLIS, DYER & BOCCAROSSE, Fairfax, Virginia, for Appellee. ON BRIEF: Brian A. Geschickter, SICILIANO, ELLIS, DYER & BOCCAROSSE, Fairfax, Virginia, for Appellee.
 Before MURNAGHAN, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John H. Powell appeals from the district court's grant of judgment as a matter of law to Hardee's Food Systems, Inc. We affirm.
 
 
 2
 * On the morning of October 9, 1992, Powell purchased and ate breakfast at a restaurant owned by Hardee's. While there, he went to use rest room facilities located in the basement of the restaurant. He descended the stairs and pushed open the door to the men's room. As he entered, he slipped on a pool of water, seriously injuring his right shoulder. The water was not visible from outside the rest room, and no signs had been posted to warn of possible water on the floor.
 
 
 3
 Powell sued Hardee's for negligence. At trial, Hardee's moved for judgment as a matter of law. The trial judge deferred ruling and submitted the case to the jury. The jury returned a verdict in favor of Powell, awarding him $33,000 in damages. The trial judge then granted Hardee's motion, finding that Powell had failed to prove that the defendant was negligent under Virginia law, which governs this diversity case.
 
 II
 
 4
 A district court may overturn a jury verdict on a motion for judgment as a matter of law only where "there is no legally sufficient evidentiary basis for a reasonable jury" to have found for the prevailing party. Fed.R.Civ.P. 50(a)(1). In making this determination, the court may not weigh the evidence or consider the credibility of witnesses. It must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. We review de novo the district court's grant of judgment as a matter of law. Anheuser-Busch, Inc. v. L & L Wings, Inc., 962 F.2d 316, 318 (4th Cir.1992).
 
 
 5
 Under Virginia law, a store owner owes its customers the duty to exercise ordinary care toward them as invitees upon its premises. The owner is obligated to maintain the premises in a reasonably safe condition for use by customers. The owner must remove from its floors foreign objects of which it is aware or should be aware and warn customers of unsafe conditions about which it knows or, in the exercise of reasonable care, should know. Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990).
 
 
 6
 To establish negligence, Powell was required to show that the store had actual or constructive knowledge of the unsafe condition. The general manager of the restaurant testified that there were frequent, but not continuous, overflow problems in the rest room. The manager stated that employees inspected the rest rooms every half hour for supplies and cleanliness. The manager also testified that there were no problems during the week preceding the accident.
 
 
 7
 Powell presented no evidence to contradict this testimony. He did not bring forward evidence tending to show either that Hardee's employees knew the water was in the rest room or that, at the time he slipped, the water had been on the floor long enough that the restaurant should have known about it. He failed to present sufficient evidence for a jury to find that Hardee's had actual or constructive notice of the water in the rest room.
 
 
 8
 The facts of Winn-Dixie are similar to the facts of this case. There, the plaintiff slipped on a bean in a grocery store. At trial, she did not present evidence that the store knew the bean was there or that the bean had been on the floor long enough that the store should have discovered it. The Virginia Supreme Court, holding that the store was entitled to judgment as a matter of law, reversed the trial court's entry of judgment on a jury verdict for the plaintiff.
 
 
 9
 We reject Powell's argument that the district judge failed to consider the jury's implicit finding that Hardee's negligently maintained its rest rooms. The uncontradicted trial testimony tended to establish that standing water in the rest rooms was not a continuous problem and that Hardee's followed a schedule of maintenance and inspection.
 
 
 10
 The doctrine of res ipsa loquitur, which allows a jury to infer negligence from the mere fact that the accident happened, is unavailable where the evidence points to two equally likely causes of an accident, only one of which is attributable to the defendant. Norfolk & Western Ry. Co. v. Anderson, 207 Va. 567, 574, 151 S.E.2d 628, 633 (1966). In this case, as the district court noted, it is just as likely that the water was spilled on the floor by another patron just before Powell entered the rest room as it is that the water had been on the floor long enough that the restaurant should have known about it. In the absence of any evidence that Hardee's had actual or constructive knowledge of the water on the floor, the district court properly granted Hardee's motion for judgment as a matter of law.
 
 AFFIRMED