## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

David Rosser

v.

Lowe's Home Center, Inc.,
t/a Lowe's of Denbigh

September 21, 1995

Case No. (Law) 19274-WS

BY JUDGE VERBENA M. ASKEW

On or about November 19, 1991, Plaintiff, David Rosser, entered the Defendant's store, the Lowe's Home Center at Sherwood Mall in Newport News, with the intent to purchase a water heater. While standing in front of a stacked display of water heaters, Rosser was struck by an object. He regained consciousness with a hot water heater on his back and another adjacent to him. Rosser then observed that several water heaters were missing from the upper tier(s) of the display.

A factual dispute exists over the arrangement of the water heater display. Plaintiff and Defendant have alleged two different stacking arrangements for the display, three tiers by the Plaintiff and two tiers by the Defendant.

### Defendant's Motion for Summary Judgment

Defendant's motion alleges that Rosser lacks the requisite evidence to prove his claim under either a defective display theory or *res ipsa loquitur*. Lowe's motion is based on the pleadings and plaintiff's responses to interrogatories. Lowe's alleges that Rosser lacks the evidence needed to prove that Lowe's either created an unsafe condition through its display or that it had knowledge, actual or constructive, that the display was dangerous. On the basis of Rosser's responses to interrogatories, Lowe's asserts that Rosser is unable to testify as to the identity of the object causing the injury, the cause of the fall of the water heaters, or of any warning sign

that the water heaters were about to fall. Lowe's points to Rosser's admitted ignorance of any indications that the display was defective or dangerous prior to the accident as evidence that no foreseeable danger existed.

Secondly, Lowe's insists that exclusive control over the heaters and the display cannot be proven and that Rosser has admitted to observing another customer removing a water heater from the display with the assistance of a Lowe's employee. Lowe's contends that Rosser cannot disprove that the actions of another customer caused the sequence of events resulting in the accident. For this reason, Lowe's asserts that the application of *res ipsa loquitur* is in appropriate.

## Rosser's Reply

In reply to Lowe's motion for summary judgment, Rosser claims that the actions of the Lowe's employee in assisting another customer in removing a water heater from the lowest tier of the display gives Lowe's constructive notice of any dangerous condition present in display. In addition, Rosser claims to be in the process of gaining expert testimony as to the safety of the display design and the effect of removing ground level water heaters from the multi-tier display.

With regard to exclusive control over the water heaters, Rosser asserts that no customer could have had access to the upper tier(s) of the display. Citing the deposition of the store manager, Rosser argues that a mechanical lifter would be necessary to move any water heaters on the second level or higher. For this reason, customers unassisted by store employees could not interfere with the upper tier(s) of the display.

## Discussion

Entry of summary judgment is allowed if there is no material issue of fact in dispute on a controlling issue or issues, making complete or partial judgment appropriate as a matter of law. *Ciejek v. Laird*, 238 Va. 109 (1989). Summary judgment applies only to cases in which no trial is necessary because no evidence would affect the result. *Shevel's, Inc. v. Southeastern Associates*, 228 Va. 175 (1984). Whereas, a demurrer tests the legal sufficiency of the averments, a motion for summary judgment views the claim in light of the facts as well as the law. *Simpson v. Taxicab Corp.*, 203 Va. 892 (1962).

In considering a motion for summary judgment, the court must adopt those inferences from the facts that are most favorable to the non-moving

party unless the inferences are strained, forced, or contrary to reason. *Carson, ex rel. Meredith v. LeBlanc*, 245 Va. 135 (1993).

> Where motions for judgment and bill of particulars alleged a cause of action and sufficiently apprised defendant of what he was required to answer, and defendant had denied the material allegations of fact, the parties were at issue and a motion for summary judgment should not prevail.

*Goode v. Courtney*, 200 Va. 804 (1959). Summary judgment may be granted based upon responses to requests for admissions. See *Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981).

### Count I

In the present case, Lowe's seeks summary judgment against both theories of recovery pleaded by Rosser. With regard to the defective display theory, Rosser has put a material issue of fact into question. Namely, Rosser's contention that a Lowe's employee assisted in the removal of a water heater from the bottom row of the display allows the inference that the employee, and therefore Lowe's, could have been aware of any dangerous condition resulting from the design of the display and the removal of ground level water heaters. Assuming the evidence in a light most favorable to the non-moving party, this action would provide constructive notice to Lowe's of alterations to the display rendering it unsafe. The knowledge of an employee can be imputed to the employer. See *Safeway Stores, Inc. v. Tollson*, 203 Va. 13, 16 (1961). Whether the employee who allegedly assisted another customer in removing a water heater from the display knew or should have known of any dangerous repercussions from his actions is in dispute.

Likewise, Rosser has alleged that by removing water heaters from the base of the display, Lowe's created an unsafe condition because of the design of the display. At the time Rosser filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment, an expert witness had not been deposed who could provide testimony on the existence of a dangerous condition in the display's structure. To rebut the theory of negligent design, Lowe's cites a footnote in a "slip and fall" case where the Virginia Supreme Court declined to follow the lead of the federal Fourth Circuit in allowing recovery under a defective method of display theory. See *Winn-Dixie Stores v. Parker*, 240 Va. 180, 183, n. 3 (1990) (citing *Thomason v. Great Atlantic and Pacific Tea Co.*, 413 F.2d 51 (4th Cir. 1969)). In *Winn-Dixie*, the store had displayed snap beans in an open

container readily accessible to browsing customers. *Id.* at 183. One bean fell to the floor and caused a customer to slip and fall. The present case can be distinguished from *Winn-Dixie* because of the greater inherent danger in a faulty display of 40-gallon water heaters than in a display of beans. Linked to Rosser's allegation of negligent display design is his assertion that the actions of Lowe's employees in forcefully removing water heaters from the bottom tier coupled with the design of the display created an unsafe condition. An inference may be reached that is not "strained, forced, or contrary to reason," that the design of the water heater display was hazardous to Lowe's customers. Because of the material facts in dispute, summary judgment on Count I would not be appropriate at this juncture.

### Count II

On the second count, Lowe's motion revolves around the element of "exclusive control" by Lowe's. The doctrine of *res ipsa loquitur* relies upon the assumption that:

> the thing which causes the injury is under the exclusive management and control of the defendant and that the accident is such as in the ordinary course of events does not happen without fault on the part of the defendant.

*Gilmer v. Southern Ry.*, 202 Va. 826, 830 (1961) (citation omitted). In *Gilmer*, testimony was given that the defendant's agent had taken actions to prevent the truck from rolling down a hill in direct contradiction of the inference of *res ipsa loquitur*. Where several causes can be attributed to an accident and the defendant would not be liable under one of these, *res ipsa loquitur* is inappropriate. *Gilmer* at 830 (citations omitted). In the present case, there is a dispute concerning the physical characteristics of the stacking arrangement used in the display. Likewise, a dispute exists over access of other customers to the upper tier(s) of the display. Resolution of these factual questions are necessary in order to determine whether negligence can be attributed to Lowe's via *res ipsa loquitur*.

In addition, the facts in the present case differ substantially from *Murphy v. J. L. Saunders, Inc.*, 202 Va. 913 (1961), wherein many customers had access to the stacked juice cans. Because neither the accessibility of the water heaters on the upper tier(s) nor the ability of customers to move the upper level water heaters has been determined, a material issue of fact

exists which properly prevents the court from issuing a summary judgment on the *res ipsa loquitur* count of Rosser's motion for judgment.

### Conclusion

Summary judgment is to be used where no trial is necessary because no evidence would affect the result. Factual issues concerning accessibility to the water heaters and the manner in which employees removed water heaters from the display are subject to reasonable dispute. The request for summary judgment against plaintiff is therefore denied.