**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EULA MAE JOHNSON,
Plaintiff-Appellant,

v.                                                                      No. 96-1271

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-848)

Submitted: October 17, 1996

Decided: October 29, 1996

Before MURNAGHAN and WILLIAMS,* Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

I. Scott Pickus, JACKSON, PICKUS & ASSOCIATES, P.C., Rich-
mond, Virginia, for Appellant. Karen Iezzi Michael, MCGUIRE,
WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for
Appellee.

_____

*Judge Williams did not participate in consideration of this case. The
opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eula Mae Johnson appeals from the order of the district court granting summary judgment in favor of Food Lion, Inc., in Johnson's personal injury case. We affirm.

On the afternoon of October 27, 1992, Eula Johnson, a citizen of Virginia, entered the Food Lion grocery store located in Colonial Heights, Virginia, for the purpose of obtaining cardboard boxes. While walking to the back of the store, Johnson slipped and fell on a grape in the produce section. She filed suit in state court, alleging that Food Lion's negligence resulted in her slip and fall on the grape. Food Lion removed the action to federal court based on diversity jurisdiction.[1] See 28 U.S.C. § 1446 (1994).

Food Lion moved for summary judgment, asserting that Johnson could not prove that any action or inaction by Food Lion caused her injuries. Food Lion relied on Johnson's deposition testimony and answers to interrogatories, in which she stated that she did not know how long the grape was on the floor prior to her fall or how it came to be on the floor. She could not say whether the grape was on the floor for only two seconds or for thirty minutes before she fell.

In opposition to summary judgment, Johnson submitted Food Lion's internal memoranda that recommended the placement of a non skid floor mat near the area in which Johnson fell. [2] Johnson also submitted evidence of Food Lion's store policy to sweep the floors at

_____

[1] Food Lion, Inc., is a North Carolina corporation with its principal place of business in Salisbury, North Carolina.

[2] For purposes of summary judgment, Food Lion admitted that no floor mat was present when Johnson fell.

2

scheduled intervals and to regularly inspect the floor for the presence of foreign matter.

The district court granted summary judgment in favor of Food Lion, observing that Johnson's allegations--that Food Lion's knowledge of the potential hazard of grapes falling from the storage bin or as customers pick up the grapes--failed to provide a basis for liability under Virginia law. Johnson appeals, arguing that the district court incorrectly construed her complaint as asserting negligence in the manner in which the grapes were displayed. Johnson contends Food Lion's internal memoranda show that Food Lion had "actual knowledge of the reasonably foreseeable existence" of the potential hazard of grapes on the floor, yet failed to act to eliminate the hazard or warn customers of the potential hazard.

In Virginia, a business owner is not an insurer of his invitee's safety. Franconia Assocs. v. Clark, 463 S.E.2d 670, 673 (Va. 1995). Rather, the owner must exercise reasonable care to make its premises safe for his invitees. Colonial Stores, Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). To recover under Virginia law, Johnson had to show that Food Lion knew or, with the exercise of reasonable care, should have known that the grape that caused her to fall was on the floor. She must show that the particular grape which caused her fall was on the floor for a sufficient period of time for Food Lion to have found it and removed it from the floor. See Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 651 (Va. 1990) (citing Colonial Stores, 125 S.E.2d at 190).

During her deposition, however, Johnson testified that she did not know how long the grape was on the floor before she fell on it; she could not say whether the grape fell to the floor only seconds before she slipped on it or whether it had been on the floor for thirty minutes. Johnson also admitted that she did not know how the grape got onto the floor, nor did she know of anyone who saw the grape fall or be placed on the floor. In light of this testimony, Johnson could not prove that Food Lion had actual or constructive notice that the grape was on the floor. See Winn-Dixie, 396 S.E.2d at 650-51.

Because Johnson failed to establish that her fall was caused by the negligence of Food Lion, see Winn-Dixie, 396 S.E.2d at 651, we find

3

no issue of material fact and conclude that summary judgment was properly granted in favor of Food Lion. <u>See</u> Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986) (party opposing summary judgment must present evidence from which reasonable jury could return verdict in her favor). We therefore affirm the order of the district court granting summary judgment in favor of Food Lion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4