**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMANDA R. RODGERS,
Plaintiff-Appellee,

v.                                                                No. 95-2815

FOOD LION, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-95-214)

Argued: May 7, 1996

Decided: November 22, 1996

Before RUSSELL and MICHAEL, Circuit Judges, and NORTON,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lisa Ann Bertini, MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., Norfolk, Virginia, for Appellant. Melvin J. Radin,
Norfolk, Virginia, for Appellee. **ON BRIEF:** Robert W. McFarland,
MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Norfolk, Vir-
ginia; Charles G. Meyer, III, MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., Richmond, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Amanda R. Rodgers injured herself when she slipped in a puddle of water while shopping at a store owned by Food Lion Inc. ("Food Lion"). A jury found Food Lion liable and awarded Rodgers $31,205.62 in damages. Food Lion appeals the district court's award and denial of Food Lion's motion for a directed verdict. We hold the district court erred in denying Food Lion's motions for a directed verdict, and reverse and vacate the district court's judgment.

I.

While shopping at a Food Lion store, Rodgers slipped in a puddle of water, which she contends had pooled in the vicinity of a produce display counter containing crushed ice. While she neither saw nor was aware of the water before she slipped, she speculated that the water resulted from ice chips dropping to the floor and melting when produce was removed from the display. Jack Mills, an assistant manager who was on duty when Rodgers fell, testified that on previous occasions he had seen crushed ice fall on the floor outside the display case, but that it was usually mopped up before it melted. He further testified that he saw a store employee spot-mop the floor beside the display counter approximately one-half hour before Rodgers' fall.

No store employee testified to having seen crushed ice fall from the display counter to the floor on the evening of Rodgers' mishap. But Billy Smith, a grocery clerk who was not on duty the evening of Rodgers' fall, testified that he had previously seen crushed ice fall to the floor beside the display counter as customers removed melons or other items from the display counter.

Rodgers filed a personal injury action in the Circuit Court for the City of Suffolk, Virginia. Food Lion removed the case to the United

2

States District Court for the Eastern District of Virginia, which conducted a jury trial. At the conclusion of Rodgers' case, Food Lion moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The district court denied the motion. At the conclusion of Food Lion's evidence, Food Lion renewed its motion for a directed verdict. Again, the district court denied Food Lion's motion.

The jury returned a verdict for Rodgers in the amount of $31,205.62, plus interest. Food Lion moved to set aside the verdict. The district court denied its motion. Food Lion appealed, arguing that it did not have actual or constructive notice of the dangerous condition causing Rodgers to slip and fall.

II.

In Virginia, the standard of care applicable to slip-and-fall cases is well-settled:

> The [store owner] owe[s] the [customer] the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors, which it may have placed there or which it knew, or should have known, that other persons have placed there; to warn the [customer] of the unsafe condition if it was unknown to her, but was, or should have been, known to the [store owner].

Colonial Stores, Inc. v. Pulley, 125 S.E.2d 188, 190 (1962). Under this standard of care, the plaintiff need not prove that the defendant had actual notice of a hazardous object on its floor in time to remove it; it is sufficient for the plaintiff to prove constructive notice. Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228, 231 (1986).

> If an ordinarily prudent person, given the facts and circumstances [the defendant] knew or should have known, could have foreseen the risk of danger resulting from such circum-

3

stances, the [defendant] had a duty to exercise reasonable care to avoid the genesis of the danger.

Id.

In applying this standard to the facts before us, we find that Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649 (Va. 1990), directs our legal determination. In Winn-Dixie, the plaintiff slipped on a snap bean on the floor in the produce section of the store. Nobody saw or knew how the snap bean got onto the floor. Furthermore, a store employee testified that he had dry-mopped the floor shortly before the accident. The Supreme Court of Virginia held that the store was not liable. The court explained:

> Nothing in the record even suggests that anyone connected with Winn-Dixie placed the bean on the floor, and it is not "obvious" from any evidence in the case that[the employee] missed the bean when he mopped through the produce section. Nor could the jury have inferred that [the employee] must have missed the bean simply because it was present on the floor when [the plaintiff] fell. To countenance such an inference would ignore the likelihood that the bean found its way to the spot where [the plaintiff] fell as the result of some action taken by another customer after [the employee] finished mopping the produce section.

Id. at 651.*

_____

*In Winn-Dixie, the Supreme Court of Virginia also eliminated the "method of display" theory of proving constructive knowledge in a slip-and-fall case. In Thomason v. Great Atlantic & Pacific Tea Co., 413 F.2d 51, 52 (4th Cir. 1969), we held that a plaintiff need not establish precisely how items of food got onto a store floor. Instead, we concluded that it is enough to show that the store's method of display made it likely that the object would fall on the floor. Under our holding, a store is liable if "it is reasonably foreseeable that a dangerous condition is created by, or may arise from, the means use to exhibit commodities for sale." Id. The Supreme Court of Virginia expressly overruled Thomason. Winn-Dixie, 396 S.E.2d at 651 n.3.

4

Rodgers' case is indistinguishable from <u>Winn-Dixie</u>. The record lacks any indication that Food Lion personnel placed the crushed ice on the floor. And there is nothing in the record to suggest that when the employee spot-mopped the floor around the display one half hour before Rodgers' fall, he missed the crushed ice. The record reflects Rodgers' failure to meet her burden of establishing that Food Lion had either actual or constructive notice of the pooled water and failed to remove it. Like the snap bean in <u>Winn-Dixie</u>, the puddle could have been the result of some action taken by another customer after the employee finished mopping the produce section.

Because Rodgers failed to show that Food Lion placed the foreign substance on the floor or knew, or in the exercise of reasonable care should have known, of its presence and failed to remove it, Food Lion was entitled to a directed verdict. For the foregoing reasons the judgment appealed from is reversed, the jury award vacated, and judgment entered favoring Food Lion, Inc.

<u>REVERSED AND REMANDED</u>

5