**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1332**

———————

EDWARD KIJEWSKI,

                                        Plaintiff - Appellant,

        versus

BIG LOTS STORES,

                                        Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CA-04-774-3)

———————

Submitted:  September 29, 2005        Decided:  October 5, 2005

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David E. Noll, CRAVENS & NOLL, P.C., Richmond, Virginia, for Appellant.  William B. Tiller, J. Matthew Haynes, Jr., BEATYTILLER, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Kijewski appeals from the district court's order granting summary judgment in favor of Big Lots Stores, Inc. ("Big Lots") in Kijewski's trip and fall premises liability case. Following discovery and the arguments of counsel for the parties on Big Lots' summary judgment motion, the district court granted summary judgment in favor of Big Lots, finding that the case was a classic case covered by Southern Floors and Acoustics, Inc. v. Anthony Max-Yeboah, 594 S.E.2d 908 (Va. 2004). Our review of the record and the district court's opinion discloses that this appeal is without merit.

Factually, there is no genuine issue of material fact in dispute. Kijewski sustained injury when he tripped on a piece of steel or "metal rubber tread" that was sticking up "between three-quarters to an inch" off the ground at the door threshold as he exited the store for the second time in a twenty-five minute period. Specifically, Kijewski had entered the store by the left exit door because it was open and the right side entrance door was under construction at the time and had brown plastic tape across it. He then exited through the same door he had entered, discovered that he had forgotten an item, re-entered the store to purchase the item, and exited the store for the second time through the same exit door through which he had entered. It was during his

second exit of the store that he tripped and fell, sustaining injury.

On appeal, Kijewski asserts that the Southern Floors case is distinguishable because the exit door through which he was passing when he tripped and fell was not being worked on by the door company.[1] He contends that the ingress and egress in which he tripped was being used by all Big Lots patrons while the construction workers worked on the set of doors immediately next to the open ingress/egress. He testified that he did not know how long the alleged defective condition existed before he fell, nor did he know who or what caused the condition. Nor did Kijewski present any evidence of actual or constructive notice of the alleged defect by Big Lots. This court reviews de novo the district court's grant of summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

While Kijewski distinguishes the facts of his case from those in Southern Floors, making much of his argument that the doorway in which he tripped was not under actual construction at the time of his fall,[2] he does not offer any evidence that Big Lots had any actual or constructive notice of the defect, which was the legal theory supporting the reversal of liability against Food Lion

---

[1]The company conducting the construction was an entity separate from Big Lots and was not made a party to the litigation.

[2]In Southern Floors, the plaintiff fell in the same aisle and area that was under construction. 594 S.E.2d at 910.

in <u>Southern Floors</u>, and which is the point of law on which the district court in this case based its decision.  <u>See</u> <u>also</u> <u>Winn-Dixie Stores v. Parker</u>, 396 S.E.2d 649 (Va. 1990) (under Virginia law, a plaintiff in a trip and fall case must show evidence of actual or constructive notice by the premises owner of a dangerous condition to establish a <u>prima</u> <u>facie</u> case of negligence). Kijewski's failure to demonstrate evidence of actual or constructive notice of the condition that caused his fall is fatal to his <u>prima</u> <u>facie</u> case and supports the district court's adverse grant of summary judgment.

Accordingly, because there is no genuine issue of material fact in dispute, we affirm the district court's order granting Big Lots' summary judgment motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -