# Richmond

COLONIAL STORES INCORPORATED V. LUCILLE ADMON PULLEY.

April 23, 1962.

Record No. 5399.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*W. C. Pender* (*Pender & Coward*, on brief), for the plaintiff in error.

*Thomas L. Woodward* (*Pulley & Pulley*, on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Lucille Admon Pulley, the plaintiff, filed a motion for judgment against Colonial Stores Incorporated, the defendant, seeking to recover damages for personal injuries allegedly sustained by her in a fall in the defendant's store at Franklin. A jury trial resulted in a verdict in favor of the plaintiff for $28,016.11, upon which the trial court entered final judgment. The defendant was granted a writ of error.

Although there are a number of errors assigned to the rulings of the trial court, our view of the case requires us to consider only those which present the question of whether there was sufficient evidence to support the jury's finding that the defendant was negligent.

The evidence, which is not in conflict, shows that the plaintiff entered the defendant's self-service store at approximately 1:30 p.m. on April 13, 1959, to purchase groceries. She secured a push-cart, furnished by the store for the use of its customers, and selected about ten items which she placed in the cart.

The plaintiff reached a point in the store where packages of flower seeds were displayed on a stand at the corner of two aisles. She pushed her cart around the corner and, holding on to the handle of the cart with her left hand, turned around and selected some flower seeds. When she turned back, her left foot struck an empty coca-cola bottle lying on the floor. She lost her balance and was thrown backwards against a magazine display stand on the opposite side of the aisle, causing serious injuries to her spine.

The store was well-lighted. Its floors were of asphalt tile, green and cream in color, and the color of the coca-cola bottle blended with that of the tile.

Near the entrance to the store the defendant had installed a machine that dispensed bottles of chilled coca-cola. A receptacle was provided at the machine for empty bottles. The plaintiff's fall occurred at a point 64½ feet from the machine.

The store manager testified, and his testimony was not contradicted, that the store was swept twice daily, between 11 and 11:30 a.m. and between 5 and 5:30 p.m., and at other times when he deemed it necessary; that he knew that the store had been swept on the morning of the accident; that there were 21 employees on duty on the day of the accident and that all employees had been instructed to remove anything that was found on the floor; that two of the employees passed the scene of the fall 15 to 20 times each day, and that one employee was stationed at a counter within sight of the scene for about five hours of the day. When asked why the bottle that caused the plaintiff's fall was not discovered, he said, "I couldn't tell you, I don't know."

The basis of the plaintiff's claim against the defendant was the latter's alleged negligence. This negligence, as stated in the motion for judgment, was that the defendant "negligently and carelessly caused and permitted a certain drink bottle to be and remain upon the floor."

The burden of proving the defendant's negligence was on the plaintiff. Ordinarily, it is for the jury to decide whether such negligence does, or does not, exist. *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850; *Va. Elec. & Power Co.* v. *Wright*, 170 Va. 442, 446, 196 S. E. 580.

We are not unmindful of the fact that the jury has, in this case, determined that the defendant's negligence did exist. But this finding of the jury cannot be permitted to stand unless it is supported by evidence—evidence which constitutes proof that the defendant breached some duty which it owed the plaintiff, and caused, by such breach, her unfortunate injury. *Murphy* v. *Saunders, Inc.*, 202 Va. 913, 917, 121 S. E. 2d 375; *W. T. Grant Co.* v. *Webb*, 166 Va. 299, 302, 184 S. E. 465.

The defendant owed the plaintiff the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or should have been, known to the defendant. *Tea Co.* v. *Rosenberger*, decided March 5, 1962, 203 Va. 378, 124 S. E. 2d 26; *Gall* v. *Tea Co.*, 202 Va. 835, 837, 120 S. E. 2d 378; *Gottlieb* v. *Andrus*, 200 Va. 114, 117, 104 S. E. 2d 743; *Knight* v. *Moore*, 179 Va. 139, 145, 146, 18 S. E. 2d 266; 42 ALR 2d 1103, 1104.

There is no evidence in the record before us that the bottle, which caused the plaintiff's fall, was placed or "caused . . . to be" on the floor by the defendant. If the jury's finding of negligence was based upon this feature of the case, then its finding is clearly erroneous.

Having failed to establish that the bottle was placed on the floor by the defendant, it was then incumbent upon the plaintiff to prove that the defendant knew it was there, or, to show that the bottle had been there long enough that the defendant ought to have known of its presence, and, in either event, failed to remove it within a reasonable time or to warn her of the danger.

There is no evidence in this case that the defendant knew of the presence of the bottle on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed upon the floor an instant before the plaintiff struck it as it is to infer that it had been there long enough that the de-

fendant should, in the exercise of reasonable care, have known about it.

If the jury found negligence because the defendant "permitted" the bottle "to be and remain on the floor," then that finding is not supported by evidence and is clearly wrong.

Thus, it appears that the plaintiff failed to prove that the defendant placed the bottle on the floor and failed to show that, if someone else put it there, the defendant knew, or should have known, of its presence. No other theory was available to the plaintiff; there could be no other legal basis for a verdict in her favor.

Under the evidence there was but one conclusion that could be reached by fair-minded men, that is, that the defendant did not breach any duty which it owed the plaintiff. The defendant was, therefore, not negligent and could not be held liable for her injury. It was not an insurer of her safety. *Safeway Stores, Inc.* v. *Tolson,* 203 Va. 13, 15, 121 S. E. 2d 751; *State-Planters Bank & Trust Co.* v. *Gans,* 172 Va. 76, 79, 200 S. E. 591.

There was no evidence from which the jury could determine how, when, or by whom the bottle was placed on the floor. The verdict, therefore, could have been reached only as the result of surmise, speculation and conjecture. This being true, it was error for the trial judge to refuse to set it aside. *Williamsburg Shop* v. *Weeks,* 201 Va. 244, 248, 110 S. E. 2d 189; *Woodson* v. *Germas,* 200 Va. 205, 210, 104 S. E. 2d 739.

Accordingly, the verdict of the jury will be set aside, the judgment reversed and final judgment entered here in favor of the defendant.

*Reversed and final judgment.*