940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norma DREW, Plaintiff-Appellant,
v.
FOOD LION, INC., Defendant-Appellee.
 No. 90-1454.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Aug. 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. William T. Prince, Magistrate Judge. (CA-89-652-N)
 Joel Dean Bieber, Joynes & Bieber, P.C., Virginia Beach, Va. (Argued), for appellant; Keith L. Kimball, Joynes & Bieber, P.C., Virginia Beach, Va., on brief.
 Robert William McFarland, McGuire, Woods, Battle & Boothe, Norfolk, Va., for appellee.
 E.D.Va.
 REVERSED AND REMANDED.
 Before WIDENER and WILKINS, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Norma Drew appeals the magistrate's grant of a directed verdict in favor of Food Lion on her claim for personal injuries. We hold that the evidence presented at trial created controverted issues of fact upon which reasonable minds could differ, thereby precluding the grant of a directed verdict. Accordingly, we vacate the judgment of the district court and remand for a new trial.
 
 
 2
 On March 27, 1989, Mrs. Drew was shopping in a Food Lion grocery store with her husband. After comparing prices on various brands of beer located in the store's beer cooler, she turned to reach for her shopping cart located nearby. As she did this, she slipped and fell on a puddle of beer located near the cooler, and allegedly sustained injuries to her back, head, and knee. Mr. Drew immediately went to summon assistance. He returned with Gloria Moore, the customer service manager, who then called over a bag boy. After viewing the accident scene, Miss Moore stated to the bag boy: "You all were supposed to have checked all these spills in the store." Mrs. Drew was assisted to her feet and she accompanied Miss Moore to the front of the store to complete an accident report.
 
 
 3
 Mrs. Drew then brought this suit alleging that her fall and injuries were caused by the negligence of the owner and operator of the store. Food Lion denied any wrongdoing, and the case was tried before a jury. At the conclusion of plaintiff's evidence, Food Lion's motion for a directed verdict was granted, and Mrs. Drew appeals.
 
 
 4
 Virginia law provides the legal standard to be applied to a storekeeper for injuries to its invitees:
 
 
 5
 The defendant owe[s] the plaintiff the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it [is] required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or should have been, known to the defendant.
 
 
 6
 Memco Stores v. Yeatman, 232 Va. 50, 54, 348 S.E.2d 228, 230-31 (1986) (emphasis omitted) (quoting Colonial Stores v. Pulley, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962)).
 
 
 7
 Under this standard, Mrs. Drew could establish her negligence claim by showing that Food Lion had actual or constructive knowledge of the dangerous condition and failed either to warn of the danger or make it safe. At the trial, Mrs. Drew offered both her testimony and that of her husband. However, the only evidence these two witnesses presented on the issue of Food Lion's knowledge, was the Food Lion customer service manager's statement quoted above. The presiding magistrate held that this statement was insufficient evidence of Food Lion's knowledge of the dangerous condition to permit the question to be submitted to the jury. We disagree.
 
 
 8
 A directed verdict may be properly granted only when "there are no controverted issues of fact upon which reasonable minds could differ." Clark v. J.M. Benson Co., Inc., 789 F.2d 282, 285 (4th Cir.1986). When reviewing a grant of a directed verdict, all facts and reasonable inferences must be viewed in the light most favorable to the non-moving party. Mays v. Pioneer Lumber Corp., 502 F.2d 106, 108 (4th Cir.1974), cert. denied, 420 U.S. 927 (1975).
 
 
 9
 The principal issue below was the extent of Food Lion's knowledge of the dangerous condition, and the employee's statement went directly to that issue. Although it can be argued that the statement is general in nature and was not intended to refer to the particular spill that caused Drew's injuries, that is not the only reasonable interpretation. Viewed in the light most favorable to Mrs. Drew, the jury could have reasonably interpreted the statement to imply that the spill had been on the floor for some time, that Food Lion had knowledge of it, and that the bag boy had been instructed to attend to it and had neglected to do so.
 
 
 10
 Therefore, because reasonable minds could differ as to Food Lion's knowledge of the dangerous condition and action with respect thereto, the grant of a directed verdict was improper. Accordingly, we vacate and remand for a new trial.
 
 
 11
 VACATED AND REMANDED FOR A NEW TRIAL.
 
 
 12
 WILKINS, Circuit Judge, and JAMES H. MICHAEL, Jr., District Judge, joined.