972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arvil H. AKERS, Plaintiff-Appellant,
v.
FOOD LION, INC., Defendant-Appellee.
 No. 91-2725.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 18, 1992
Decided: August 11, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-91-390-R)
 Anthony F. Anderson, Roanoke, Virginia, for Appellant.
 Jim Harold Guynn, Jr., Barbara J. Taylor, Parvin, Wilson, Barnett & Hopper, P.C., Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before RUSSELL, WILKINSON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Arvil H. Akers appeals from the district court's order granting summary judgment to Defendant Food Lion in this diversity negligence action. Akers sued after stumbling over a twenty-five pound bag of dog food leaning against the shelves in an aisle of Food Lion's Vinton, Virginia, store. Food Lion successfully removed the action to federal court and moved for summary judgment.
 
 
 2
 Virginia law controls this diversity action. Erie R.R. v. Tompkins, 304 U.S. 64, 78-79 (1938). Virginia courts have ruled a storeowner owes an invitee the duty of reasonable care, but the owner is not to be considered an insurer of the customer's safety. Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649 (Va. 1990); Colonial Stores Inc. v. Pulley, 125 S.E.2d 188 (Va. 1962). A storeowner's liability is premised on his actual or constructive notice of the hazard. Colonial Stores, 125 S.E.2d at 190.
 
 
 3
 We review a grant of summary judgment de novo. Higgins v. E.I. DuPont De Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate where the opponent of the motion bears the burden of proof at trial and cannot establish the existence of an essential element of his case. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 4
 Based on a review of the materials submitted, we find that Akers failed to make a sufficient showing, under Virginia law, that Food Lion had any notice that bags of pet food were cluttering the aisle where he allegedly fell. We find the facts of Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228 (Va. 1986), to be distinguishable. We, therefore, affirm the judgment of the district court.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED