CODY ALLEN GRIM, AN INFANT, ETC., ET AL

v.

RAHE, INC.

Record No. 921630

September 17, 1993

Present: All the Justices

*Christian J. Griffin* for appellants.
*M. Bruce Wallinger (Wharton, Aldhizer & Weaver,* on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this appeal dealing with premises liability, we consider two issues: first, whether a 120-volt light receptacle is a dangerous instrumentality; second, whether the plaintiff's evidence was sufficient to make out a *prima facie* case of a property owner's knowledge of a broken 120-volt light receptacle.

Cody Allen Grim, then four years old, sustained an electrical burn to the palm of his hand when he touched a broken fluorescent light receptacle charged with 120 volts of electricity. The receptacle was located under the customer's side of an order counter at a McDonald's restaurant where Cody, with his mother and others, had been waiting to be served. Located in Woodstock, the restaurant was owned and operated by Rahe, Inc.

Alleging that Rahe was negligent in maintaining a broken electrical receptacle upon its premises, Cody's mother, Teresa Grim, filed two actions against Rahe: one as his mother and next friend to recover for Cody's injuries, the other in her own right to recover medical expenses for treatment of Cody's injuries. The trial court denied a pretrial motion for summary judgment on the issue of liability filed by the plaintiffs (the Grims), consolidated these cases for a jury trial and, after the Grims presented their case in chief at trial,

sustained Rahe's motion to strike the Grims' evidence upon the ground that they had failed to present a *prima facie* case of negligence.

The Grims appeal. In accordance with well-settled appellate principles, we will state the evidence in the light most favorable to the Grims, the parties whose evidence was struck. *Puent v. Dickens*, 245 Va. 217, 219, 427 S.E.2d 340, 341 (1993).

An eye witness to Cody's injury testified that he had looked at the fluorescent light fixture after Cody was burned. The witness stated that the fixture had no cover on it, there were no fluorescent tubes in it, and the plastic portion of the receptacle "that [was] supposed to be over top of it . . . was busted off of it, and the only thing there was the two brass prongs sticking out for the bulb to hook into." This light fixture was one of a series under the counter no longer in use, but still charged with 120 volts of electricity.

James Albert Miller, III, an electrician, testified that an unbroken fixture of this type could not shock a person if it was grounded as the fixture which injured Cody was grounded. Miller also indicated that he had never heard of a person who had been shocked by this type of light fixture in good repair.

John Robert Opstad, the president of Rahe, called as an adverse witness by the Grims, testified that the fluorescent tubes had been taken out of the fixtures some time before Cody's accident. Opstad described Rahe's routine maintenance and inspection schedule of the restaurant, which included a bi-weekly inspection of the store by management personnel to see that "things [are] in proper working order," and a weekly cleaning of the tile surrounding the fluorescent fixture in issue by personnel who are instructed to report "anything that is broken or out of order." The Grims introduced no evidence indicating when the plastic receptacle was broken or that a Rahe employee was aware of, or reported, its broken condition.

First, we consider the Grims' contention that the trial court erred in denying their motion for summary judgment on the issue of liability. This motion was based upon the Grims' claim that Rahe's 120-volt light receptacle, even if unbroken, was a dangerous instrumentality, a circumstance requiring a high degree of care on Rahe's part.* *See Robbins v. Old Dominion Power Co.*, 204 Va. 390, 396-97, 131 S.E.2d 274, 279 (1963) (69,000-volt transmission line

---

* Although the Grims' motions for judgment did not allege that the fluorescent light fixture, even if unbroken, was a dangerous instrumentality, their pretrial motion for summary judgment was premised upon that contention.

required "high degree of care" because of the "deadly and insidious nature of electricity").

We have said that "[i]n order for the doctrine to apply, the *danger* of the instrumentality must not only be hidden or latent, but the instrumentality must be easily accessible to children and in a location where it is known that children frequently gather." *Washabaugh v. Northern Va. Constr. Co.*, 187 Va. 767, 770, 48 S.E.2d 276, 278 (1948) (emphasis added). However, the pretrial proceedings in this case did not indicate that an *unbroken* 120-volt receptacle was a dangerous instrumentality, a necessary predicate for the application of the dangerous instrumentality doctrine. Thus, the trial court correctly denied the Grims' motion for summary judgment.

Next, we consider whether the court erred in striking the Grims' evidence. In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence. *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977); *cf. Winn-Dixie Stores v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990) (standard in slip-and-fall cases). Because the Grims introduced no evidence of Rahe's actual knowledge of the broken receptacle, we consider whether their evidence made out a *prima facie* case of negligence based on constructive knowledge.

In cases like the present one, constructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition. *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962) (premises); *City of Richmond v. Hood Rubber Prods. Co.*, 168 Va. 11, 21, 190 S.E. 95, 100 (1937) (fixture). Hence, if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case. *Winn-Dixie Stores*, 240 Va. at 184, 396 S.E.2d at 651.

Here, the evidence does not show when the fixture was broken. Nevertheless, the Grims contend that "[t]he jury could have decided that even one day with the light fixture in the condition described by [Miller] was sufficient time to have discovered the danger given the type of restaurant involved." We need not decide whether the one-day period suggested by the Grims would justify such a finding by the jury because, as the trial court put it, "there is absolutely no

evidence as to when the fixture was broken, how it was broken, no evidence that the owner knew about it. It could have been broken five minutes ago or sooner.'' If we imposed a duty upon Rahe to discover and remedy this broken fixture when it might have been broken minutes before Cody's injury, we would effectively require Rahe to insure its customers against injury by such fixtures that are not inherently dangerous if unbroken.

We conclude, therefore, that the Grims did not make out a *prima facie* case of negligence and that the trial court correctly struck their evidence. Accordingly, the judgment of the trial court will be

*Affirmed.*