## CIRCUIT COURT OF THE CITY OF NORFOLK

Doris A. Austin,
Administratrix

v.

Shoneys, Inc.

December 29, 1995

Case No. (Law) L94-3771

BY JUDGE EVERETT A. MARTIN, JR.

This case was tried to a jury on November 15, 16, 17, and 20. At the conclusion of the plaintiff's evidence, the defendant made a motion to strike which was overruled. At the conclusion of all the evidence the defendant renewed its motion to strike which was taken under advisement. The case was sent to the jury, and after several hours of deliberation the jury reported that they were divided. With agreement [of counsel], I gave the jury the Allen charge and I requested that they continue to deliberate. They did so, but they reported sometime later they were hopelessly divided. I then with agreement [of counsel] discharged the jury, and the defendant renewed its motion to strike. The plaintiff moved for a mistrial. Both motions were taken under advisement. I have reviewed the briefs submitted on the motion to strike. That motion is granted because there is no evidence that the defendant had actual or constructive notice of a defective condition.

The testimony of William Meadows established that the plaintiff fell on the floor of the defendant's restaurant at about 11:00 a.m. when her cane slipped. This was corroborated by statements the decedent made to Doris Austin and Eleanor Austin, which were admitted pursuant to Code of Virginia § 8.01-397. Mr. Meadows testified that after the plaintiff's decedent fell he examined the area in which she fell, and he discovered a greasy film covering a floor area of approximately 16 to 24 square feet. He testified his foot had slipped in this same area twice that morning before the plaintiff's decedent fell, but that he did not fall nor did he inform any

of the defendant's employees about the slippery condition. He further testified the restaurant was packed, but he did not see anyone else slip.

Other witnesses testified they had no trouble with their footing; they did not slip in the area where the plaintiff's decedent fell; and they saw nothing on the floor. These witnesses included another customer of the restaurant who was with Mr. Meadows (Sylvia Dickerson), members of the plaintiff's decedent's family (Doris Austin and Eleanor Austin), the two paramedics who came to the restaurant to attend to the plaintiff's decedent (Gregory DeYoung and Steve Comeau), and several of the defendant's employees (Beverly Carroll, Sandra Skaggs, Donna Scurry, and Cathy Hordinski).

The plaintiff's evidence also established that James Crawford and Larry Horton, the defendant's employees, were undermixing one of the products used to clean the floor at night and substantially undermixing the other product used to the clean the floor. The plaintiff also established the defendant did not designate certain mops to be used only in the kitchen and others only in the customer area and that a restaurant's kitchen is likely to have more grease in it than the customer area. From this evidence the plaintiff contends the defendant's undermixing of the cleaning agents and intermixing of the mops did not adequately clean the floor and left a greasy film residue on it on which the plaintiff's decedent fell and was injured.

All the testimony indicates the greasy film was invisible and could only be detected by squatting and rubbing one's hand on the floor (Doris Austin) or by purposefully rubbing one's foot on the floor in that area (William Meadows). The plaintiff claims the greasy film remained on the floor after the night porter finished cleaning the floor the preceding night. The restaurant had been open since 6:30 a.m. and the plaintiff's decedent slipped at about 11:00 a.m. All the witnesses agreed the restaurant was very crowded and busy that morning.

The duty of the owner of property to remove foreign substances from its floors for the protection of its invitees is well established. It is required:

> to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or should have been, known to the defendant. *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962).

It is conjecture to conclude the greasy film came to be on the floor of the defendant's restaurant on the date in question through improper cleaning. Although that is possible, it is just as likely to have gotten there on the shoes of some of the many customers who came to the restaurant that day or to have been caused by a spill by another customer that was unobserved. There is no evidence of the defendant's actual notice of the condition. Thus the plaintiff must show the defendant had constructive notice.

Constructive notice is established by showing that the defective condition had been present long enough that the defendant ought to have known of its presence. *Colonial Stores v. Pulley, supra; Cannon v. Clarke*, 209 Va. 708, 712, 167 S.E.2d 352, 355 (1969).

In *Grim v. Rahe, Inc.*, 246 Va. 239, 434 S.E.2d 888 (1993), the Supreme Court stated that "constructive knowledge or notice of a defective condition of a premise . . . may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." 246 Va. at 242, 434 S.E.2d at 890.

All the evidence in this case shows that the greasy area of the floor was invisible. It was first noticed by Mr. Meadows when he slipped, and this occurred no more than twenty minutes before the plaintiff's decedent fell. However, Mr. Meadows did not tell any of the defendant's employees about the slippery condition until *after* the plaintiff's decedent fell. Ms. Carroll testified she inspected the restaurant at 6:30 a.m. and saw no problems with the floor. There is no evidence to show how the grease got to the floor nor how long it had been there. Where "the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case." *Grim v. Rahe, supra; see also Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184, 396 S.E.2d 649, 651 (1990).

*Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 348 S.E.2d 228 (1986), is distinguishable. In *Yeatman*, the defendant placed a plant with succulent leaves near one of the aisles of its store. Some of the leaves had fallen off the plant onto the aisle, and the plaintiff slipped on one of the leaves. In discussing constructive notice in *Yeatman*, the Supreme Court stated:

> If an ordinarily prudent person, given the facts and circumstances Memco knew or should have known, could have foreseen the risk of danger resulting from such circumstances, Memco had a duty to exercise reasonable care to avoid the genesis of the danger. 232 Va. at 55, 348 S.E.2d at 231.

This is the only case known to the Court in which the Supreme Court of Virginia has used a foreseeability standard rather than the "should have known" standard in a premises liability case. In *Yeatman*, it was undisputed the defendant had placed the plant near the aisle.

The Supreme Court itself has distinguished *Yeatman* in subsequent cases. In *Winn-Dixie Stores v. Parker, supra*, the plaintiff slipped on a snap bean on the floor of a grocery store. The jury returned a verdict in her favor, and the Supreme Court reversed and entered final judgment for the defendant. The plaintiff relied on *Yeatman*, and the Supreme Court distinguished it by noting that nothing in the record suggested that any of the defendant's employees placed the bean on the floor or missed the bean when they mopped the floor. In *Ashby v. Faison & Assocs.*, 247 Va. 166, 440 S.E.2d 603 (1994), the plaintiff was injured when she slipped in a puddle of rain water in the lobby of an office building. She received a jury verdict which the trial court set aside. The Supreme Court affirmed the trial court. The plaintiff relied on *Yeatman*, and the Supreme Court distinguished it by stating:

> The condition [in *Yeatman*] resulted from the affirmative conduct of the defendant in moving the plant from the patio where plants were normally sold and placing it on a furniture display in a manner that caused leaves to fall in the aisle where the plaintiff slipped and fell . . . . Here, unlike *Yeatman*, there is no evidence of affirmative conduct on the part of the defendants that caused water to collect on the lobby floor. 247 Va. at 169, 440 S.E.2d at 605.

In this case, there is no evidence the defendant's affirmative conduct put the greasy film on the floor. Thus the "should have known" rather than the "could have foreseen" standard should be applied. Indeed, the plaintiff did not offer a "could have foreseen" instruction in this case.

In sum, the most that can be shown in this case is that for some unknown reason a defect came into being on the floor of the defendant's premises and that it caused the plaintiff's injury. This does not support constructive notice. *See West v. Portsmouth*, 196 Va. 510, 84 S.E.2d 503 (1954).