**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PHYLLIS JEAN BROWN,
Plaintiff-Appellant,

v.                                                          No. 97-2689

ROSE'S STORES, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-97-24-A)

Submitted: April 14, 1998

Decided: May 7, 1998

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger W. Mullins, Tazewell, Virginia, for Appellant. Laura E. Wilson, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Phyllis Jean Brown appeals a district court order granting summary judgment to the Rose's Stores, Incorporated (Roses)* and dismissing Brown's personal injury action. Finding no error, we affirm.

In December 1996, Brown commenced an action in state court against Rose's based upon injuries Brown suffered when she slipped and fell while shopping. In February 1997, Rose's removed the action to federal court based on diversity of citizenship between the parties.

On Sunday, April 23, 1995, Brown entered Rose's between 5:45 p.m. and 6:00 p.m. to shop for a baby gift. Rose's closed at 6:00 p.m. In order to get to the infants' department, Brown walked through the carpeted ladies' wear department and entered a main tiled aisle that runs the length of the store. As Brown entered the aisle at around 5:55 p.m., she slipped and fell and injured her arm. She got up from the floor and sought help from Yosmenda Thornsberry, a Rose's employee. Brown and Thornsberry returned to the scene of the fall, and Brown noticed a clear empty plastic tape dispenser and several pieces of plastic on the floor near where Brown fell. Store sales clerks keep a tape dispenser on their person during store hours. Brown did not notice any other customers in the area.

On Sundays, between the hours of 4:30 p.m. and 6:00 p.m., stock associates sweep, mop, clean, and clear the tiled areas. Sometime before Brown fell, Thornsberry observed stock associates sweeping part of the tiled aisle. Phillip Jones, a Rose's store manager, estimated that at the time Brown fell, almost 95% of the sweeping of the tiled areas was completed.

The district court granted Rose's motion for summary judgment upon finding that Brown did not establish a prima facie case of negligence under Virginia law. Specifically, the court found that Brown did not show that Rose's had actual or constructive knowledge of the

_____

*Rose's is a retail store selling sundry consumer items.

2

tape dispenser. On appeal, Brown contends that the district court erred in discrediting inferences supporting Brown's claim. Brown further contends that there was sufficient evidence from which to infer that either a Rose's employee dropped the tape dispenser or that the area in which Brown fell was negligently cleaned.

Because the matter is in federal court on diversity grounds, the substantive law of the forum state, Virginia, applies. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Federal law governs the court's determination of whether the evidence is sufficient to withstand a summary judgment motion. See Fed. R. Civ. P. 56(c); General Accident Fire & Life Assurance Corp. v. Akzona, Inc., 622 F.2d 90, 93-94 n.5 (4th Cir. 1980).

We review a district court grant of a motion for summary judgment de novo. See Nguyen v. CNA Corp., 44 F.3d 234, 236 (4th Cir. 1995). A summary judgment motion should only be granted if there is no genuine dispute as to an issue of material fact and the moving party is entitled to judgment as a matter of law. See id. at 236-37 (citing Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The district court must evaluate the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in that party's favor. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

When determining a motion for summary judgment, the court need not credit the non-movant with every possible inference that can be drawn from the evidence. Only reasonable inferences warrant consideration. A reasonable inference is one that is within the range of reasonable probability. An inference that is "so tenuous that it rests merely upon speculation and conjecture" should not be considered. Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 817-18 (4th Cir. 1995); see also Local Union 7107 v. Clinchfield Coal Co., 124 F.3d 639, 640 (4th Cir. 1997) (stating that "[f]anciful inferences and bald speculations" should not be considered), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3509 (U.S. Mar. 9, 1998) (No. 97-1237). To support the inferences, the non-movant must present evidence of a sufficient "quality and quantity." Anderson, 477 U.S. at 254.

Virginia recognizes that store owners owe a duty of ordinary care toward its customers while on the premises. In order for the store

3

owner to be liable for injuries suffered as a result of a fall caused by a foreign object, the owner must have placed the foreign object on the floor or have actual or constructive knowledge of the foreign object's presence. See Colonial Stores, Inc. v. Pulley , 125 S.E.2d 188, 190 (Va. 1962). A plaintiff must either demonstrate as part of the prima facie case that the store owner or his agents engaged in some form of affirmative misconduct or that the owner had constructive knowledge of the dangerous condition. See Austin v. Shoney's, Inc., 486 S.E.2d 285, 288 (Va. 1997). Constructive knowledge exists if an ordinarily prudent person, given the facts and circumstances the owner knew or should have known, could have foreseen the risk of danger resulting from the circumstances. See Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990).

We agree with the district court's detailed examination of the evidence. Brown offered no evidence to show that a Rose's employee was responsible for the tape dispenser being on the floor. Brown contends that because store employees carried tape dispensers, the inference must be made that the tape dispenser found near where Brown fell was dropped by an employee. We find this inference to be extremely tenuous, especially in light of evidence that the tape dispenser was empty when it was found and not marked according to store policy as one used by a store employee. Furthermore, in spite of Brown's recollection that she did not see any other customers in the store up until the time of her fall, evidence supporting an inference that only an employee could have dropped the tape dispenser is speculative.

Likewise, Brown's contention that the area where she fell had been swept by a store employee minutes prior to her fall is not supported by the evidence. Although there was evidence that employees were seen sweeping the tiled aisle, there was no evidence that the area where Brown fell had been swept. According to the store manager, the sweeping of the floor was not complete at the time Brown fell. Moreover, the sweeping was not due to be completed for another few minutes. In addition, there was no evidence demonstrating how long the tape dispenser had been on the floor.

Accordingly, we affirm the order of the district court. We grant Brown's unopposed motion to submit this appeal on the briefs and

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5