# CIRCUIT COURT OF THE CITY OF RICHMOND

Vera F. Pratt

v.

Food Lion, Inc.

December 7, 1999

Case No. LE-1787-1

BY JUDGE T. J. MARKOW

This slip and fall case is before the court on Defendant, Food Lion, Inc.'s renewed Motion to Strike the Evidence and Motion to Set Aside the Jury Verdict.

As the Supreme Court of Virginia has recently stated:

The standard under which a trial court should review the evidence adduced at trial before granting a motion to strike the case at the end of a plaintiff's evidence is well settled under prior decisions of this Court. That standard requires the trial court to accept as true all the evidence favorable to the plaintiff as well as any reasonable inference a jury might draw therefrom which would sustain the plaintiff's cause of action. The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense.

When a motion to strike the plaintiff's evidence is made or renewed at the end of all evidence, the trial court may also consider the evidence presented during the defendant's case in considering the motion. Nonetheless, it must still view the evidence and all its reasonable inferences in the light most favorable to the plaintiff.

*Austin v. Shoney's, Inc.,* 254 Va. 134, 138 (1997) (citations omitted).

On May 13, 1998, at approximately 4:20 p.m., plaintiff slipped and fell on broken eggs in an aisle in Food Lion's store, number 337, located on the Mechanicsville Turnpike. Food Lion claimed that two employees were responsible for inspecting the store on the day in question, the store manager, Derek Baber, and a grocery bagger, John Epps. Mr. Baber said that he inspected the store about once an hour and Mr. Epps said he inspected the store every five to ten minutes.

Surveillance photographs taken from 3:30 p.m. to 4:31 p.m. on the day of plaintiff's fall were produced by Food Lion. Evidence at trial explained that the cameras showed a portion of the aisle leading to the area where plaintiff fell but not the spot of the fall. The tapes revealed that no employee of Food Lion walked the aisle from 3:52 p.m. to 4:31 p.m., contradicting, to some extent, the testimony of Food Lion's employees.

Food Lion moved to strike plaintiff's evidence at the close of her case and again after offering evidence in its defense. In both instances, the court took the motion under advisement. After a jury verdict for plaintiff in the amount of fifteen thousand dollars, Food Lion renewed its motion and moved that the verdict be set aside.

Plaintiff argues that Food Lion had a duty of care to her as an invitee and that Food Lion breached that duty in negligently inspecting or not inspecting the store at all. Plaintiff reasons that, if the jury found negligence, then the jury, and presumably not the court, also answers the question of causation. Plaintiff cites *Winn Dixie Stores, Inc. v. Parker,* 240 Va. 180 (1990), and *Austin v. Shoney's,* 254 Va. 134 (1997), as examples of a court correctly allowing the jury to decide causation in similar slip and fall cases.

Food Lion relies on *Colonial Stores, Inc. v. Pulley,* 203 Va. 535 (1962), and *Winn Dixie,* 240 Va. 180 (1990). The store argues that the jury could not determine what caused the eggs to be on the floor nor when they were placed there. It concludes that the verdict is flawed even if the evidence was sufficient to support a finding of negligence because the jury found causation in the absence of any evidence. The court agrees.

In *Pulley,* the Supreme Court of Virginia entered judgment for a defendant store, reversing a judgment and setting aside a jury verdict for a customer who slipped on an empty cola bottle in a convenience store. *See Pulley,* 203 Va. 535. The court did not allow the jury's findings to stand as they were not supported by evidence that the store breached a duty it owed the customer and that the breach caused the customer's injury. *See id.* at 537.

A store owes its customers the duty to exercise ordinary care to have the premises in a reasonably safe condition for the customer's visit. *See id.* The

store must remove, "within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there." *See id.* The store has a further duty to warn the customer of unsafe conditions if they are unknown to the customer, but were or should have been known to the store. *See id.*

The Supreme Court ruled that where plaintiff does not show defendant put the object on the floor, plaintiff can succeed in her action if she shows that defendant knew the object was there. *See id.* Failing that, plaintiff could show that defendant had "constructive notice" of the unsafe condition by proving that the object had been on the floor long enough such that defendant should have known of its presence. *See id.* Establishing either defendant's actual or constructive notice, plaintiff would then need to demonstrate that defendant did not remove the object within a reasonable time or warn plaintiff of the danger. *See id.*

Like the defendant in *Pulley*, Food Lion owed a duty to plaintiff, and the evidence was sufficient to support a jury determination that Food Lion breached that duty and was therefore negligent. Constructive notice, i.e. that Food Lion should have discovered the foreign substance on the floor within a reasonable time, depends upon when the substance was placed on the floor. That time is also important to establish a causal connection between any negligence and the fall. Similarly, plaintiff failed to offer any evidence that Food Lion's breach of the standard of care caused her fall. In this respect, the reasoning of *Pulley* controls the court's decision in plaintiff's case.

As the Supreme Court did in *Winn Dixie*, the court borrows the language of constructive notice from *Pulley* because it is equally applicable here. *See Winn Dixie*, 240 Va. at 184.

> There is no evidence in this case that [Food Lion] knew of the presence of [egg] on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed on the floor an instant before [plaintiff] struck it as it is to infer that it had been there long enough that [Food Lion] should, in the exercise of reasonable care, have know about it.

*Id.* (*quoting Pulley*, 203 Va. at 537-38). No evidence offered at trial showed that Food Lion caused the eggs to be on the floor or that Food Lion knew the eggs were on the floor. Therefore, plaintiff had the burden to show that Food Lion had constructive notice that the eggs were on the floor such that Food Lion should have cleaned them away or should have warned her of the slippery condition.

To prove the lapse of a reasonable time, plaintiff had to offer some evidence by which the jury could find when the eggs reached the floor. No such evidence was offered and no such finding can be made even when viewing the evidence under the standard articulated earlier in this letter. Plaintiff has proved negligence, but not causation. Therefore, the Motion to Strike the Evidence is granted, the jury verdict will be set aside, and judgment will be entered for Food Lion.