<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**No. 12-1499**

DEBORAH B. ADAMS,

                    Plaintiff – Appellant,

          v.

KROGER LIMITED PARTNERSHIP I, d/b/a K029 Kroger East/Mid-Atlantic; REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC; CHARLIE GATTUSO,

                    Defendants – Appellees,

          and

AUBURN REALTY, LLC,

                    Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:11-cv-00141-JRS)

Submitted:  April 24, 2013          Decided:  June 12, 2013

Before TRAXLER, Chief Judge, THACKER, Circuit Judge, and Ellen L. HOLLANDER, United States District Judge for the District of Maryland, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Garrick A. Sevilla, WILLIAMS MULLEN, Raleigh, North Carolina, for Appellant.  Cathleen Kailani Memmer, Victor S. Skaff, III,

GUYNN, MEMMER & DILLON, P.C., Salem, Virginia, for Appellee Kroger Limited Partnership I. Alan R. Siciliano, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Fairfax, Virginia, for Appellee Republic National Distributing Company, LLC.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Adams ("Adams") sustained injuries after slipping in a Virginia grocery store in an area where a wine vendor had spilled wine. She sued the wine vendor and the grocery store, alleging negligence. After Adams put on her evidence at trial, the district court granted the defendants' motion for judgment as a matter of law. Adams appeals. For the reasons set forth below, we vacate the judgment of the district court and remand.

                                    I.

Gary Judd ("Judd") is a sales representative for Republic National Distributing Company, LLC ("Republic"), which supplies wine to grocery stores owned and operated by Kroger Limited Partnership I ("Kroger"). On August 18, 2009, Judd was restocking wine bottles on wine shelves in a Kroger grocery store when he accidentally dropped a bottle of wine, spilling its contents in an aisle of the grocery store. Judd did several things to deal with the spill. First, he blocked off one side of the spill area. Then he retrieved a broom and dustpan, picked up the larger pieces of glass by hand, and swept the area with the broom. Subsequently, he mopped the area and put up a yellow warning cone. The cone was approximately two-and-a-half feet tall and two feet wide.

Nearly six minutes after Judd finished, Adams entered the wine aisle. After browsing the wine selection at the store, she

3

slipped and fell in the spill area. Adams sustained injuries to her knee and head, but the most significant harm was done to the retina in her left eye. As a result of this damage, she underwent four to five surgeries on her left eye, incurred approximately $30,000 in medical bills, and is legally blind in her left eye.

Adams filed a lawsuit in state court against Kroger, alleging only negligence and seeking one million dollars in damages. Kroger removed the action to federal court, Adams amended her complaint to include Republic as a defendant, and Kroger moved for summary judgment, which the district court denied. A trial proceeded, and after the close of Adams' evidence, Kroger and Republic moved for judgment as a matter of law. The district court granted the motion, and this appeal followed.

## II.

We review the grant of a motion for judgment as a matter of law de novo, viewing the evidence in the light most favorable to Adams and drawing all reasonable inferences in her favor. See Anderson v. G.D.C., Inc., 281 F.3d 452, 457 (4th Cir. 2002). "Judgment as a matter of law is proper only if there can be but one reasonable conclusion as to the verdict." Id. (internal quotation marks omitted). "[I]f reasonable minds could differ, we must reverse." A Helping Hand, LLC v. Balt. Cnty., Md., 515

4

F.3d 356, 365 (4th Cir. 2008). In making this evaluation, we "may not make credibility determinations or weigh the evidence," and we "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).

III.

To prove that Republic was negligent, Adams must establish that Judd owed her a duty to sufficiently and properly clean up the spilled wine and that his breach of that duty resulted in her injuries. See Kellermann v. McDonough, 684 S.E.2d 786, 790 (Va. 2009). There is no dispute that Republic owed Adams the duty of reasonable care in cleaning up the spill. The district court, however, concluded that Adams did not provide any evidence from which a jury could conclude that Republic breached this duty:

> When [Judd] accidentally dropped the bottle, he secured the area with boxes. He swept up the broken glass, obtained a mop and bucket and mopped the floor. Afterwards, he put a yellow caution cone in the area. All of these beg the question: what else was Judd supposed to do given what he had done? There is no evidence in the record, expert or otherwise, that establishes that Judd breached his duty of care.

J.A. 211. The court subsequently took the case away from the jury by granting the defendants' motion, noting that it would "not allow the jury to speculate on what . . . might have been." J.A. 212.

5

Adams argues on appeal that the jury could have found that Republic breached its duty in the following ways: mopping an area much larger than the spill area, failing to dry the area after mopping, using a slippery hand-sanitizer-like substance to clean the floor, using only a cone to mark the area, and placing the cone in an unreasonable place. In response to these arguments, the defendants rely on the district court's statement that Adams presented no evidence from which the jury could have found a breach. But this is simply not the case. For example, Adams presented evidence showing that Judd used a hand-sanitizer-like product to clean the floor, and the jury could have found that to be unreasonable.[1] Likewise, there was evidence that Judd did not dry the floor after cleaning the spill, and the jury could have found that Judd's failure to dry the floor was unreasonable. Contrary to the district court's suggestion, if a jury were to make these findings, they would not be mere "speculation and conjecture." Doe v. Houser, 194 S.E.2d 754, 755 (Va. 1973). Rather they would be based on evidence in the record. See, e.g., J.A. 91 (Kroger store

---

[1] We acknowledge that Judd contends he cleaned the spill area using only water. But we reemphasize that our review at this stage in the litigation requires us to view the evidence in a light most favorable to Adams and draw all reasonable inferences in her favor. Accordingly, for purposes of this appeal, we must accept the testimony that Judd used a hand-sanitizer-like substance to clean the spill area.

manager testifying that important part of cleaning up a spill is "to get the floor as dry as possible"); J.A. 115 (Adams testifying that substance on floor "felt like . . . hand sanitizer").

"Ordinarily, negligence is a jury issue." Artrip v. E.E. Berry Equip. Co., 397 S.E.2d 821, 823 (Va. 1990). Because there is evidence in the record from which a reasonable jury could find in favor of Adams, the district court erred in weighing the evidence and in granting the defendants' motion. Accordingly, we vacate the judgment of the district court as to Republic.

IV.

Having determined that a reasonable jury could have found that Republic breached a duty to Adams, we turn to Kroger's potential liability. "Under Virginia law . . . an owner . . . of real property owes to an invitee the duty to exercise reasonable care to make the premises safe." Gauldin v. Va. Winn-Dixie, Inc., 370 F.2d 167, 169 (4th Cir. 1966). To find Kroger independently liable, Adams must establish that Kroger "had actual or constructive notice" of the dangerous condition. Ashby v. Faison & Assocs., Inc., 440 S.E.2d 603, 605 (Va. 1994). Adams does not contend that Kroger had actual notice, so we are only concerned with constructive notice. Under Virginia law, "constructive knowledge or notice . . . may be shown by evidence that the defect was noticeable and had existed for a sufficient

7

length of time to charge its possessor with notice of its defective condition." Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1993).

The district court did not address whether the condition was "noticeable," and there was no evidence that the spill area was somehow hidden, but Kroger argues nonetheless that Judd's efforts in cleaning up the spill made the spill area not dangerous, such that there was no dangerous condition to be noticed. We disagree. Deborah Farmer, a Kroger store manager, testified that if a Kroger employee observes a spill caused by a vendor, that employee should tell the vendor to "stay with the spill" while the Kroger employee "get[s] something to clean it up." J.A. 76 (internal quotation marks omitted). She further testified that Kroger does not instruct its vendors on how to clean up a spill. Accordingly, Judd's efforts in cleaning up the spill would not necessarily preclude Kroger from noticing the spill area as a dangerous condition, and a jury could reasonably reach that conclusion.

On the issue of whether sufficient time had passed to charge Kroger with constructive notice, approximately nineteen minutes elapsed from the time of the spill to the time of the fall. Because we know the exact amount of time that passed, this case is distinguishable from other Virginia cases where plaintiffs have failed to establish negligence because they

8

could not establish when the dangerous condition developed. See, e.g., Grim, 434 S.E.2d at 890. Nevertheless, the district court concluded that "[t]he unquestionable evidence presented at trial is that Kroger lacked . . . constructive notice of the spill which occurred in its store or Judd's attempt to clean the spill." J.A. 208. Adams argues on appeal that the jury, and not the court, should have determined whether nineteen minutes was a sufficient amount of time to charge Kroger with constructive notice of the dangerous condition. We agree. In this case, video from a Kroger surveillance camera depicted the spill area for nineteen minutes. In our view, a reasonable jury could have found constructive notice under these circumstances, and the court erred in reaching the opposite conclusion.[2]

---

[2] The defendants argue in the alternative that we should review Adams' constructive notice argument for plain error because she failed to raise it below. Because Adams' constructive notice argument is arguably encompassed within her amended complaint and because the district court addressed the issue, we decline the invitation to treat the issue as unpreserved. See WMTC, Inc. v. G.A. Braun, Inc., 247 F.3d 114, 116 n.2 (4th Cir. 2001) ("[T]he district court's opinion discussed this issue at length. Thus it cannot be said that [the party] failed to preserve" the issue.); H.E. Wolfe Constr. Co. v. Fersner, 58 F.2d 27, 29 (4th Cir. 1932) (suggesting issue preserved so long as "passed upon" by district court).

V.

For the foregoing reasons, we vacate the district court's grant of judgment as a matter of law and remand for proceedings consistent with this order.[3]

VACATED AND REMANDED

---

[3] Relying on two statements made by the district court, Adams also argues that the district court erroneously required her to put on expert evidence about the proper standard of care for cleaning up a spill. Because we vacate the grant of judgment as a matter of law and remand the case for different reasons, we need not address this issue.