UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1149**

REGINALD DONALD RAY,

              Plaintiff – Appellant,

        v.

FOOD LION, LLC,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:15-cv-00470-CMH-JFA)

Submitted: November 1, 2016          Decided: November 4, 2016

Before KING and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas Hailu, LAW OFFICES OF THOMAS HAILU, PLLC, Annandale, Virginia, for Appellant. Jared A. Warren, BRITT & BYRNE, PLLC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Donald Ray appeals the district court's order granting summary judgment in favor of the Appellee on Ray's claim of negligence arising from his falling on the Appellee's premises. We review de novo a district court's order granting summary judgment, viewing facts in the light most favorable to the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 435 (4th Cir. 2011). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Newport News, 650 F.3d at 434 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

Under Virginia law, "[t]o establish actionable negligence, [Ray] had the burden to show the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." Atrium Unit Owners Ass'n v. King, 585 S.E.2d 545, 548 (Va. 2003). Food Lion owed Ray the "duty to exercise ordinary care toward [him] as its invitee upon its premises." Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). "When an invitee is injured because of some foreign substance or object

2

on the floor of the premises the owner or occupant is not liable unless it can be shown that he had actual knowledge of the presence thereof or that in the exercise of reasonable care he should have known of its presence and failed in his duty to remove it." Gauldin v. Va. Winn-Dixie, Inc., 370 F.2d 167, 169 (4th Cir. 1966) (applying Virginia law).

"[C]onstructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1993). "Hence, if the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Id. Here, the district court correctly concluded that Ray failed to establish a prima facie case of negligence because he failed to provide any evidence demonstrating that the Appellee had actual or constructive notice of the alleged dangerous condition.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3